The following is a copy of the submission:
STATE OF NORTH CAROLINA — IREDELL COUNTY.
Know all men by these presents, that we, William Neill and John MacKey, are held and firmly bound unto the State of North Carolina in the sum of $1,000, to the true and faithful payment whereof we bind ourselves, our heirs, executors, and administrators, jointly and (215) severally, firmly by these presents signed with our hands and sealed with our seals.
The condition of this is such that whereas the above bounden William Neill and John MacKey having selected John W. Long, William Niceler, and Henry Cleninger to settle a matter of controversy in regard to the damages sustained by the said MacKey in a piece of land whereon W. T. Kerr now resides: Now, if the said parties abide by the decision of the above referees, this obligation to be void; otherwise, to remain in full force and effect. Given under our hands and seals this 1 April, 1859.
 JOHN MACKEY. [SEAL] WILLIAM NEILL. [SEAL]
The award fixed MacKey's damages at $200, and was signed by only two of the arbitrators, viz., William Niceler and Henry Cleninger.
It was proved by the plaintiff that the other referee, to wit, John W. Long, who did not sign the award, was present at the arbitration, took part in the deliberations, but disagreed with the majority in their finding as to the amount. *Page 165 
His Honor was of opinion that the suit could not be sustained upon the award signed by two only, when the submission was to three, but reserved the question. Verdict for the plaintiff, subject to the question reserved. Afterwards, upon consideration, his Honor set aside the verdict, and directed a nonsuit to be entered. Plaintiff appealed.
It is a well settled rule of law that all of the arbitrators must concur in making an award, unless it is provided otherwise by the terms of the submission, by inserting, "Their award, or the award of any two of them, shall be binding," etc., which is the usual form.
No authority was cited, and no reason was suggested, for disturbing this principle of the law, and it is not necessary to enter (216) into a discussion of the subject.
PER CURIAM. Affirmed.
Cited: Oakley v. Anderson, 93 N.C. 112.